Judy **PAREJKO**, Plaintiff,

v.

**DUNN COUNTY CIRCUIT COURT and the State of Wisconsin,** Defendants.

No. 05–C–0267–C.

United States District Court, W.D. Wisconsin.

Jan. 12, 2006.

Judy Parejko, pro se.

David C. Rice, Assistant Attorney General, Madison, WI, for Defendants.

## ORDER

CRABB, District Judge.

Defendants Dunn County Circuit Court and the State of Wisconsin have moved to dismiss plaintiff Judy Parejko's suit challenging the constitutionality of various Wisconsin statutes related to the dissolution of marriage. Plaintiff's suit arises out of an action for divorce that her husband has filed in the Circuit Court for Dunn County, Wisconsin. Plaintiff does not want a divorce and has sued to have Wis. Stat. §§ 767.07, 767.12 and 767.085(4) declared unconstitutional. (These statutes relate respectively to judgment of divorce or legal separation, trial procedure in actions affecting the family and the abolition of defenses to divorce.)

Plaintiff challenges the Wisconsin statutes as lacking proper procedural and substantive safeguards pursuant to the Fourteenth Amendment, as lacking proper remedy mechanisms required under Article 4, Section 4 of the United States Constitution and as not affording married persons in divorce actions sufficient ability to pursue redress according to the First Amendment of the Constitution. Plaintiff contends that she is harmed by the Wisconsin legislature's decision to base the grant of divorce on a finding that a marital relationship is irretrievably broken rather than upon a finding of fault on the part of one or the other spouse; because of this decision, plaintiff has been stripped of her defenses to her husband's suit and left without a remedy. In her view, her right to be married to her husband is a legal right; if the right is violated, the state must furnish a remedy that includes an opportunity for the injured party to raise a defense and must give the judge explicit guidance for determining when a marriage may be dissolved. In her view, "irretrievably broken" is such a vague and imprecise term that it violates her right to due process. She cannot determine the meaning of the term or know how to defend against it.

Plaintiff is asking the court to declare the challenged statutes unconstitutional and enter an injunction against both defendants, prohibiting the operation of the statutes at issue. Defendants contend that this court is required to dismiss plaintiff's suit under the doctrine of *Younger* abstention, which prohibits federal courts from interfering with ongoing state court litigation except in narrowly defined situations not present in this case.

I conclude that defendants are correct: principles of equity jurisdiction and comity counsel against interfering with an ongoing divorce proceeding in state court. Dismissal of the case on abstention grounds will not injure plaintiff or prevent her from obtaining a judicial determination of the issues she is raising. Plaintiff is free to raise all of her constitutional challenges to the Wisconsin statutes in her state court proceeding. If she is dissatisfied with the state court's resolution of those challenges, she can appeal to the Wisconsin appellate

courts and even to the Supreme Court of the United States.

For the sole purpose of deciding defendants' motion, I find that plaintiff has alleged the following facts in her complaint.

## ALLEGATIONS OF FACT

Plaintiff is a resident of Dunn County, Wisconsin. She and her husband Kenneth S. Parejko have lived together as husband and wife since their marriage in 1968. On February 24, 2005, Kenneth Parejko filed suit against plaintiff to dissolve their marital relationship on the ground that their marriage is irretrievably broken. Plaintiff does not want the marriage dissolved.

On May 3, 2005, plaintiff and her husband signed an agreement to suspend proceedings for up to 90 days, pursuant to Wis. Stat. § 767.082.

## OPINION

The threshold question is whether plaintiff's case is one that this court should entertain. The starting point in that analysis is *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), a case in which an individual was indicted in a California state court for violation of the California Criminal Syndicalism Act. The defendant sought an injunction in federal court against his prosecution, arguing that the prosecution inhibited him in the exercise of his rights of free speech and press under the First and Fourteenth Amendment. The district court granted the injunction but was reversed on direct appeal to the United States Supreme Court, which grounded its decision on Congress's longstanding "desire to permit state courts to try state cases free from interference by federal courts." *Id.* at 43, 91 S.Ct. 746. The Court explained that this congressional policy flows from "the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43–44, 91 S.Ct. 746. The principle is "reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions." *Id.* at 44, 91 S.Ct. 746.

In subsequent decisions, the Supreme Court has extended the holding in *Younger* to other kinds of proceedings. For example, in *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986), the Court held that the federal courts should not interfere in a proceeding brought by a state commission to determine whether a Christian elementary school could choose not to renew a pregnant teacher's contract pursuant to its policy that mothers should stay at home with their preschool age children. While the administrative proceedings were pending, the school sued the commission in federal court, seeking an injunction against those proceedings on the ground that the investigation and imposition of sanctions would violate the free exercise and establishment clauses of the First Amendment. The district court abstained; the court of appeals reversed the decision to abstain and was reversed in turn by the Supreme Court, which held that the concern for comity and federalism is as applicable to certain administrative proceedings as it is to pending state court cases. In other cases, the Court has applied the *Younger* principle to state proceedings involving lawyer discipline, *Middlesex County Ethics Committee v. Garden State Bar Assn.,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), and other "important state interests." *Id.* at 427, 102 S.Ct. 2515 (citing *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (civil proceeding in state court to close down theater showing allegedly pornographic films); *Juidice v.*

*Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (contempt proceedings to enforce subpoenas to appear in supplemental proceedings brought by judgment creditors); *Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (civil proceeding in state court to seek return of welfare payments allegedly received wrongfully); *Moore v. Sims,* 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (state proceeding to take allegedly abused child from parents)). Not only are divorce proceedings state court proceedings but the regulation of marriage and divorce is quintessentially an "important state interest."

Plaintiff disputes the application of *Younger* to this case. She relies heavily on *Zablocki v. Redhail,* 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978), arguing that this case is "largely dispositive of [defendants'] attempt to use *Younger* abstention to stiff-arm accountability in federal court for marriage dissolution laws which violate [plaintiff's] 'fundamental liberty' and 'basic civil rights,' as well as the substantive and procedural due process rights in her marriage relationship." Plt.'s Br., dkt. # 7, at 6. In relying on *Zablocki,* plaintiff downplays the key distinction between *Zablocki* and *Younger,* which is that no judicial or quasi-judicial proceeding was in progress in *Zablocki.* The plaintiff was challenging a Wisconsin statute that prohibited persons from obtaining a marriage license if they had outstanding child support obligations; he was not the subject of any judicial proceeding.

■ Plaintiff argues that the pendency of state proceedings is just one of six factors to be considered and that the other factors outweigh the one difference. In making this argument, plaintiff overlooks the importance Supreme Court gives to comity and equitable principles. In *Younger,* the Court made it clear that if a state adjudication is pending, the only grounds on which a federal court can interfere are (1) where irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; (4) other unusual circumstances call for equitable relief. *Younger,* 401 U.S. at 53–54, 91 S.Ct. 746. Although plaintiff contends that she will be subject to irreparable injury if this court does not act, the record does not support her position. The state courts afford her a full opportunity to be heard on the challenges she is raising. The Supreme Court has held that the expense, inconvenience and personal distress of having to defend oneself in a criminal proceeding do not constitute irreparable harm, *Younger,* 401 U.S. at 46, 91 S.Ct. 746. It follows that having to endure the anxiety of a divorce action is not the kind of irreparable harm that warrants federal interference.

Although plaintiff contends that the challenged statutes are patently unconstitutional, she has not shown that they are. The legislature's considered decision to eliminate the traditional defenses to divorce actions does not deprive married persons of due process or of any remedy for denial of a legal right. If plaintiff is arguing that she has a legal right to remain married to one particular individual, she has not shown the source of this right or explained how her "right to stay married to the person of her choice" could be accommodated without infringing on whatever right her spouse has not to remain married. It is not obviously unconstitutional for a state legislature to decide that it will not force people to stay married if they chose to separate and to eliminate the concepts of guilt and innocence in divorce proceedings. It would be a different question if the state chose not to provide any protections for the property and children of the failed marriage, but plaintiff is not

challenging the adequacy of those protections.

Oddly enough, plaintiff cites a number of cases that hold that the First Amendment protects intimate family associations such as marriage from interference from the state, when what she seems to be seeking is greater state interference in her own marital relationship. Rather than letting the two parties to the marriage decide for themselves whether they wish to continue their intimate family association, plaintiff is arguing that the state should impose greater obstacles to divorce and legal separation. Her citations argue against the position she has adopted.

Plaintiff has not shown that her situation meets either of the remaining two exceptions to *Younger* abstention, that the pending proceeding is the product of bad faith and harassment or that unusual circumstances justify federal interference. Her divorce proceeding cannot be said to be the product of bad faith or harassment by the state and she has shown no unusual circumstances that would call for equitable relief.

Finally, plaintiff's citation to the recently decided case of *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), does not affect the analysis of this suit. In *Exxon Mobil*, the question was whether the *Rooker–Feldman* doctrine deprived a federal district court of jurisdiction over a proceeding that was parallel to one pending in state court. The case did not concern *Younger* abstention; the plaintiff was not asking the federal court to interfere in the state court proceeding in any respect. The Supreme Court held that federal courts were not deprived of jurisdiction over a parallel proceeding even if the state court reached judgment before the federal court. In that circumstance, the federal court would "be bound to recognize the claim- and issue-preclusive effects" of the state court judgment but would not lose jurisdiction over the case. *Id.* at 1520. This case raises no *Rooker–Feldman* issue; plaintiff's suit is not a parallel action but an action of a wholly different kind. Plaintiff wants the federal court to tell the state courts that the statutes under which they are operating are unconstitutional.

In summary, I conclude that the elements of *Younger* abstention are all present in this case. From the allegations of plaintiff's complaint, it is evident that the divorce proceedings begun by her husband's divorce proceeding are ongoing. There is no question about the adequacy of the state forum for all the issues she wishes to raise; she has the full panoply of state court review and after that, the United States Supreme Court. In these circumstances, *Younger* abstention principles require the dismissal of plaintiff's constitutional challenge to the statutes at issue in the divorce suit.

### ORDER

IT IS ORDERED that the motion to dismiss filed by defendants Dunn County Circuit Court and State of Wisconsin is GRANTED. The clerk of court is to enter judgment for defendants and close this case.